UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTAR MARKETING GROUP, LLC, | **Civil Case No.: 21-CV-3621** |
| *Plaintiff* | |
| v. | **1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING MERCHANT STOREFRONTS AND DEFENDANTS' ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY** |
| AKRONDH, BABYBABY1314, BAILIXI05, BUYCHEAPCOCOS, BUYCHEAPDOOR, CATHERINE05, DHFUNNYS, DHGATECOUION, ENDISDHGATE, FACE_SHIELDS_WANG, FACTORYSALECO, GADSDENGATE, GATEMALL, JACK6666, PANDORAGATE, PHOENIXGATE, SIHUAI09, STORESROOMSUI, TEEMWAY SUMMER TOYS, WAUKEGANGATE and ZXLCLOTHES15, | |
| *Defendants* | **FILED UNDER SEAL** |

## GLOSSARY

| Term | Definition |
|---|---|
| Plaintiff or Allstar | Allstar Marketing Group, LLC |
| Defendants | akrondh, babybaby1314, bailixi05, buycheapcocos, buycheapdoor, catherine05, dhfunnys, dhgatecouion, endisdhgate, face_shields_wang, factorysaleco, gadsdengate, gatemall, jack6666, pandoragate, phoenixgate, sihuai09, storesroomsui, Teemway summer toys, waukegangate and zxlclothes15 |
| Jay At Play | Jay At Play International Hong Kong Limited d/b/a Jay At Play |
| DHgate | Dunhuang Group d/b/a DHgate.com, an online marketplace and e-commerce platform which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their wholesale and retail products originating from China directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| Epstein Drangel | Epstein Drangel LLP, counsel for Plaintiff |
| New York Address | 244 Madison Ave, Suite 411, New York, New York 10016 |
| Complaint | Plaintiff's Complaint |
| Application | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| De Marco Dec. | Declaration of Jennifer De Marco in Support of Plaintiff's Application |
| Drangel Dec. | Declaration of Jason M. Drangel in Support of Plaintiff's Application |
| Happy Nappers Marks | U.S. Trademark Registration Nos.: 6,102,208 for "HAPPY NAPPERS" for goods in Class 20 and 24; and 3,998,335 for "HAPPY NAPPERS" for goods in Class 28 |
| Happy Nappers Works | U.S. Copyright Reg. Nos.: VA 2-227-806 covering Shak the Shark; VA 2-227-789 covering Arianna the White Unicorn; VA 2-227-807 covering Duncan the Dragon; VA 2-227-808 covering Lilly the Lady Bug; VA 2-227-810 covering Monique the Pink Unicorn; VA 2-227-816 covering Kodiak the Grey Husky; VA 2-227-818 covering Dusty the Yellow Dog; and VA 2-227-820 covering Charlotte the Pink Kitty |
| Happy Nappers | A soft plush pillow toy that when unzipped, expands into |

| Products | a comfy sleep sack |
|---|---|
| **Counterfeit Products** | Products bearing or used in connection with the Happy Nappers Marks and/or Happy Nappers Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Happy Nappers Marks and/or Happy Nappers Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Happy Nappers Marks and/or Happy Nappers Works and/or products that are identical or confusingly or substantially similar to the Happy Nappers Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as DHgate, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any and all banks, financial institutions, credit card companies and payment processing agencies, such as DHgate (e.g., DHpay.com), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online platforms, including, without limitation, those owned and operated, directly or indirectly by DHgate, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or |

| | participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |
|---|---|

On this day, the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' intentional and willful offerings for sale and/or sales of Counterfeit Products.[1] A complete list of Defendants is attached hereto as **Schedule A**, which also includes links to Defendants' Merchant Storefronts and Infringing Listings.  Having reviewed the Application, Declarations of Jennifer De Marco and Jason M. Drangel, along with exhibits attached thereto and other evidence submitted in support thereof, the Court finds that the requested relief is warranted.

### ORDER

Plaintiff's Application is hereby **GRANTED** as follows:

### I.   Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1)   manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing the Happy Nappers Works and/or Happy Nappers Marks and/or marks and/or artwork that are confusingly and/or substantially similar to,

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

1

identical to and constitute a counterfeiting or infringement of the Happy Nappers Works and/or Happy Nappers Marks;

2) directly or indirectly infringing in any manner Plaintiff's Happy Nappers Works and/or Happy Nappers Marks;

3) using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Happy Nappers Works and Happy Nappers Marks, to identify any goods or service not authorized by Plaintiff;

4) using Plaintiff's Happy Nappers Works and/or Happy Nappers Marks and/or any other marks that are confusingly similar to the Happy Nappers Marks and/or any other artwork that is substantially similar to the Happy Nappers Works, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

5) using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

6) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture,

2

importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

7) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

8) knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(7) above and I(B)(1) through I(B)(2) and I(C)(1) below.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of this Court:

1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

2) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

3) knowingly instructing, aiding or abetting any person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(I) through I(A)(7) and I(B)(1) through I(B)(2) above and I(C)(1) below.

3

C.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of this Court:

1)  within five (5) days after receipt of service of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

2)  knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(4), I(B)(1) through I(B)(2) and I(C)(1) above.

## II.    Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A.  Defendants are hereby ORDERED to show cause before this Court at a **telephone conference on June 8, 2021, at 3:00 p.m. New York time** or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue. **At the designated time, counsel and any interested parties shall dial (888) 557-8511 and enter access code 9300838.**

B.  IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of Epstein Drangel LLP at 60 East 42nd Street, Suite 2520, New York, NY 10165, Attn: Jason M. Drangel on or before **May 14, 2021**. Plaintiff shall file any Reply papers on or before **May 21, 2021**.

C.  IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect

immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

### III.   Asset Restraining Order

A.  IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants' Financial Accounts and shall provide written confirmation of such attachment to Plaintiff's counsel.

### IV.   Order Authorizing Bifurcated and Alternative Service by Electronic Means

A.  IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

1)   delivery of: (i) PDF copies of this Order together with the Summons and Complaint, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order to Defendants' e-mail addresses to be determined after having been identified by DHgate pursuant to **Paragraph V(C)**; or

2)   delivery of a message to Defendants through the system for communications established by the Third Party Service Providers on their respective platforms, notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website (such as NutStore or a large mail link created

through Rmail.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within five (5) days of the Financial Institutions and Third Party Service Providers' compliance with **Paragraphs III(A) and V(C)** of this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that the Clerk of the Court shall issue a single original summons directed to all Defendants as listed in an attachment to the summons that will apply to all Defendants.

E. IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

1) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

2) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where DHgate (including DHPay.com) will be able to download a PDF copy of this Order via electronic mail to Ms. Emily Zhou, Intellectual Property Management, Trust and Safety Department, DHgate at zhouxu@dhgate.com;

3) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and

Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

4) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department legal@pingpongx.com.

## V.   Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days after receiving service of this Order, each Defendant shall serve upon Plaintiff's counsel a written report under oath providing:

   a. their true name and physical address;

   b. the name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers and URL for any and all User Accounts and Merchant Storefronts on any Third Party Service Provider platform that Defendants own and/or operate;

   c. the complete sales records for any and all sales of Counterfeit Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

   d. the account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances; and

   e. the steps taken by each Defendant, or other person served to comply with **Section I**, above.

2) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

7

3) Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions shall identify any and all of Defendants' Financial Accounts, and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts and confirmation of said compliance with this Order.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers shall identify any and all of Defendants' User Accounts and Merchant Storefronts, and provide Plaintiff's counsel with a summary report containing account details for any and all User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts and Defendants' Merchant Storefronts, contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the

U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

a.  account numbers;

b.  current account balances;

c.  any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

d.  any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

e.  any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

f.  any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

E.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)     Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

9

a. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

b. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C);

c. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

d. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Happy Nappers Marks and/or Happy Nappers Works and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute an infringement of the Happy Nappers Marks and/or Happy Nappers Works.

## VI.     Security Bond

A.  IT IS FURTHER ORDERED that Plaintiff shall place security in the amount of 5000 dollars ($5000) with the Court which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

### VII.  <u>Sealing Order</u>

A.  IT IS FURTHER ORDERED that Plaintiff's Complaint and exhibits attached thereto, and Plaintiff's *ex parte* Application and the Declarations of Jennifer De Marco and Jason M. Drangel in support thereof and exhibits attached thereto and this Order shall remain sealed until the Financial Institutions and Third Party Service Providers comply with **Paragraphs I(B)-(C), III(A) and V(C)** of this Order.

**SO ORDERED.**

SIGNED this 4th day of May, 2021, at 9:30 a.m.
New York, New York

_____
J. PAUL OETKEN
United States District Judge

11

# SCHEDULE A

| No. | Defendant | Infringing Listing | Merchant Storefront |
|-----|-----------|--------------------|--------------------|
| 1 | akrondh | https://www.dhgate.com/product/cartoon-happy-nappers-plush-pillow-variable/672563548 | https://www.dhgate.com/store/21611305 |
| 2 | babybaby1314 | https://www.dhgate.com/product/one-piece-cartoon-baby-lazy-sleeping-bag/664070825 | https://www.dhgate.com/store/21628671 |
| 3 | balixi05 | https://www.dhgate.com/product/sleeping-bag-children-animal-cartoon-happy/629838086 | https://www.dhgate.com/store/21583007 |
| 4 | buycheapcocos | https://www.dhgate.com/product/happy-sleeping-bag-soft-baby-sleeping-bags/630922861 | https://www.dhgate.com/store/21622935 |
| 5 | buycheapdoor | https://www.dhgate.com/product/outdoor-home-happy-nappers-children-s-unicorn/646056234 | https://www.dhgate.com/store/21623781 |
| 6 | catherine05 | https://www.dhgate.com/product/2020-happy-nappers-play-pillow-fun-sleeping/628849446 | https://www.dhgate.com/store/21622592 |
| 7 | dhfunnys | https://www.dhgate.com/product/outdoor-home-happy-nappers-children-s-unicorn/646056266 | https://www.dhgate.com/store/21623782 |
| 8 | dhgatecoulon | https://www.dhgate.com/product/outdoor-home-happy-nappers-children-s-unicorn/646055963 | https://www.dhgate.com/store/21624050 |
| 9 | endischgate | https://www.dhgate.com/product/cartoon-happy-nappers-plush-pillow-variable/658314667 | https://www.dhgate.com/store/21602950 |
| 10 | face_shields_wang | https://www.dhgate.com/product/happy-sleeping-bag-children-unicorn-animal/623623398 | https://www.dhgate.com/store/21566467 |
| 11 | factorysaleco | https://www.dhgate.com/product/happy-nappers-cartoon-animal-children-s-sleeping/634685555 | https://www.dhgate.com/store/21602463 |
| 12 | gadsdengate | https://www.dhgate.com/product/outlet-happy-nappers-cartoon-animal-children/672563479 | https://www.dhgate.com/store/21610817 |
| 13 | gatemall | https://www.dhgate.com/product/outlet-happy-nappers-cartoon-animal-children/668707155 | https://www.dhgate.com/store/21610239 |
| 14 | jack6666 | https://www.dhgate.com/product/140cm-top-seller-baby-happy-nappers-pillow/667623512 | https://www.dhgate.com/store/16124651 |
| 15 | pandoragate | https://www.dhgate.com/product/sleeping-baby-happy-animal-children-s-cartoon/676285918 | https://www.dhgate.com/store/21610432 |
| 16 | phoenixgate | https://www.dhgate.com/product/happy-sleeping-animal-babies-gifts-newborn/676193479 | https://www.dhgate.com/store/21610819 |
| 17 | sihuai09 | https://www.dhgate.com/product/baby-sleeping-bag-diaper-cocoon-for-newborns/676348759 | https://www.dhgate.com/store/21621025 |
| 18 | storesroomsui | https://www.dhgate.com/product/outdoor-home-happy-nappers-children-s-unicorn/646056102 | https://www.dhgate.com/store/21588787 |
| 19 | Teemway summer toys | https://www.dhgate.com/product/amazon-top-seller-baby-happy-nappers-pillow/664432246 | https://www.dhgate.com/store/21519602 |
| 20 | waukegangate | https://www.dhgate.com/product/cartoon-happy-nappers-plush-pillow-variable/665878284 | https://www.dhgate.com/store/21610855 |
| 21 | zxclothes15 | https://www.dhgate.com/product/new-happy-cartoon-nappers-unicorn-pajamas/671596420 | https://www.dhgate.com/store/21647885 |