UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALLSTAR MARKETING GROUP, LLC,
                                Plaintiff,

                       -v-

akrondh, *et al.*,

                               Defendants.

21-CV-3621 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      Plaintiff moves to stay this action, along with two related actions pending before the Court.[1] Plaintiff's motion to stay follows the Court's November 4, 2022 order in *KAWS, Inc. v. The Individuals, Corps., Limited Liability Companies, P'ships and Unincorporated Ass'ns Identified on Schedule A to the Complaint*, 22-cv-9073 (JPO), Dkt. 19 (S.D.N.Y. Nov. 4, 2022). There, the Court denied the plaintiff's request to serve defendants located in China via email or online publication, for the reasons outlined in *Smart Study Co. v. Acuteye-Us.* No. 1:21-CV-5860-GHW, 2022 WL 2872297 (S.D.N.Y. July 21, 2022). Plaintiff argues that because an appeal of the *Smart Study Co.* decision is pending before the Second Circuit, a stay in this matter is justified. In particular, like the plaintiff in *Smart Study Co.*, Plaintiff served defendants in this matter by email. If Plaintiff now moves for a default judgment, the Court may find that email service was improper under the Hague Convention, meaning that it lacks personal jurisdiction over the defendants.

      A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for

---

[1] *Allstar Marketing Group, LLC v. Adorable Babe Store, et al.*, Case No. 21-cv-3622, and *Allstar Marketing Group, LLC v. Adocfan-US, et al.*, Case No. 21-cv-3623.

1

itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)).  In determining whether to grant a stay, courts in this district consider five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).

Though *Smart Study Co.* and this case are not related matters, a stay is appropriate.  "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.  This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Goldstein v. Time Warner New York City Cable Grp.*, 3 F. Supp. 2d 423, 438 (S.D.N.Y. 1998) (citing *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir.), *cert. denied*, 444 U.S. 827, 100 S.Ct. 51, 62 L.Ed.2d 34 (1979)).  *See also Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012).

An analysis of the five *Kappel* factors counsels in favor of granting Plaintiff's motion to stay.  First, Plaintiff is requesting the stay and has itself asserted that the stay is in line with its private interests.  Clarification from the Second Circuit will offer guidance to Plaintiff on how and whether it may serve the motion for default judgment.  Second, the private interests of the defendants would be served by clarity from the Second Circuit on whether service by email or online publication is in keeping with the Hague Convention and the protections created by the Federal Rules of Civil Procedure.  And because defendants have failed to appear over a year

after they were served, a stay poses little prejudice. Third, it is in the interest of the Court to receive clarity on whether alternative service via email was sufficient to give it personal jurisdiction over the defendants. The fourth and fifth factors favor a stay for the same reason: waiting for clarity on the appropriate means for serving motions on defendants in China will "minimize the possibility of conflicts between different courts." *Bahl v. New York Coll. of Osteopathic Med. of New York Inst. of Tech.*, No. CV 14-4020 (AKT), 2018 WL 4861390, at *4 (E.D.N.Y. Sept. 28, 2018).

Plaintiff's motion to stay is therefore GRANTED.

The Clerk of Court is directed to mark this case as STAYED to terminate the motion at ECF No. 23.

SO ORDERED.

Dated: November 29, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge