UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALLSTAR MARKETING GROUP, LLC,

                            Plaintiff,

            -v-

AKRONDH, BABYBABY1314, BAILIXI05, BUYCHEAPCOCOS, BUYCHEAPDOOR, CATHERINE05, DHFUNNYS, DHGATECOUION, ENDISDHGATE, FACE_SHIELDS_WANG, FACTORYSALECO, GADSDENGATE, GATEMALL, JACK6666, PANDORAGATE, PHOENIXGATE, SIHUAI09, STORESROOMSUI, TEEMWAY SUMMER TOYS, WAUKEGANGATE and ZXLCLOTHES15,

                            Defendants.

21-CV-3621 (JPO)

FINAL DEFAULT
JUDGMENT AND
PERMANENT INJUNCTION
ORDER

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff** | Allstar Marketing Group, LLC | N/A |
| **Defendants or Defaulting Defendants** | akrondh, babybaby1314, bailixi05, buycheapcocos, buycheapdoor, catherine05, dhfunnys, dhgatecouion, endisdhgate, face_shields_wang, factorysaleco, gadsdengate, gatemall, jack6666, pandoragate, phoenixgate, sihuai09, storesroomsui, Teemway summer toys, waukegangate and zxlclothes15 | N/A |
| **Jay At Play** | Jay At Play International Hong Kong Limited d/b/a Jay At Play | N/A |
| **DHgate** | Dunhuang Group d/b/a DHgate.com, an online marketplace and e-commerce platform which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their wholesale and retail products originating from China directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on April 23, 2021 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on April 23, 2021 | Dkt. 6 |
| **Application** | Plaintiff's e*x parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on April 21, 2021 | Dkts. 12-14 |
| **DeMarco Dec.** | Declaration of Jennifer De Marco in Support of Plaintiff's Application | Dkt. 13 |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiff's Application | Dkt. 14 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and | Dkt. 15 |

| | | |
|---|---|---|
| | Alternative Service; and 5) Order Authorizing Expedited Discovery | |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as DHgate, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Happy Nappers Marks** | U.S. Trademark Registration Nos.: 6,102,208 for "HAPPY NAPPERS" for goods in Class 20 and 24; and 3,998,335 for "HAPPY NAPPERS" for goods in Class 28 | N/A |
| **Happy Nappers Works** | U.S. Copyright Reg. Nos.: VA 2-227-806 covering Shak the Shark; VA 2-227-789 covering Arianna the White Unicorn; VA 2-227-807 covering Duncan the Dragon; VA 2-227-808 covering Lilly the Lady Bug; VA 2-227-810 covering Monique the Pink Unicorn; VA 2-227-816 covering Kodiak the Grey Husky; VA 2-227-818 covering Dusty the Yellow Dog; and VA 2-227-820 covering Charlotte the Pink Kitty | |
| **Happy Nappers Products** | A soft plush pillow toy that when unzipped, expands into a comfy sleep sack | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Happy Nappers Marks and/or Happy Nappers Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Happy Nappers Marks and/or Happy Nappers Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Happy Nappers Marks and/or Happy Nappers Works and/or products that are identical or confusingly or substantially similar to the Happy Nappers Products | N/A |

| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
|---|---|---|
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any and all banks, financial institutions, credit card companies and payment processing agencies, such as DHgate (e.g., DHpay.com), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online platforms, including, without limitation, those owned and operated, directly or indirectly by DHgate, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on November 3, 2023 | TBD |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | TBD |

J. PAUL OETKEN, District Judge:

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defendants for Defendants' copyright infringement arising out of Defendants' unauthorized use of Plaintiff's Happy Nappers Works including, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defaulting Defendants' Liability

1) ORDERED, ADJUDGED AND DECREED that judgment is granted in favor of Plaintiff as to the Fifth Cause of Action pleaded in the Complaint (copyright infringement).

## II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve the compensatory and punitive purposes of the Copyright Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages requested in its Motion for Default Judgment, the Court awards Plaintiff Fifty Thousand U.S. Dollars ($50,000.00) in statutory damages against each of the twenty-one (21)

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

Defaulting Defendants pursuant to 17 U.S.C. § 504(c), as well as post-judgment interest at the statutory rate set forth in 28 U.S.C. § 1961(a).

## III.     Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees and all persons acting in concert with or under the direction of Defaulting Defendants who receive actual notice of this Order are permanently enjoined and restrained from engaging in any of the following acts or omissions in the United States (with the exception of the acts and omissions described in paragraphs E and F below, which shall apply worldwide):

   A. reproducing, copying, preparing derivative works of, publicly displaying and/or distributing, transferring and/or selling copies of Plaintiff's Happy Nappers Works through their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Happy Nappers Works and/or artwork that are substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Happy Nappers Works;

   B. directly or indirectly infringing in any manner Plaintiff's Happy Nappers Works;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Happy Nappers Works to identify any goods or services not authorized by Plaintiff;

   D. using Plaintiff's Happy Nappers Works, or any other artwork that are substantially similar to the Happy Nappers Works on or in connection with manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

    E.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

    F.  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of Plaintiff's copyrights or other rights including, without limitation, the Happy Nappers Works, or bear any artwork that are substantially similar to the Happy Nappers Works;

3) IT IS FURTHER ORDERED ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy

3

those requirements and are identified in this Order, are permanently enjoined and restrained from:

  A. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Frozen Assets and Defaulting Defendants' Financial Accounts; and

  B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(3)(A) above and III(4)(A) below.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:

  A. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

  B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) and III(4)(A) above.

## IV.  Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30-day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## V. Miscellaneous Relief

1) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

2) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

3) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

    SO ORDERED.

Dated: December 4, 2023
       New York, New York

_____
J. PAUL OETKEN
United States District Judge